IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BLUE MEADOW APARTMENTS, LLC § | | |
| and SUN STATES MANAGEMENT, INC. § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:08CV309-HSO-RHW |
| § | | |
| STATE FARM FIRE AND § | | |
| CASUALTY COMPANY § | | DEFENDANT |

## ORDER AND REASONS DENYING IN PART AND GRANTING IN PART DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO DISMISS

BEFORE THE COURT is Defendant State Farm Fire and Casualty Company's ["State Farm"] Motion to Dismiss filed September 9, 2008 [9-1], in the above-captioned cause. Plaintiffs filed a Response [12-1], and State Farm filed a Reply [15-1]. After consideration of the submissions and the relevant legal authorities, the Court finds that State Farm's Motion to Dismiss [9-1] must be denied in part and granted in part.

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs initiated this action on July 18, 2008, by filing their Complaint [1-1]. The action stems from extensive damage sustained by real property owned by Plaintiff Blue Meadows Apartments, LLC, during Hurricane Katrina. Plaintiff Blue Meadows contends that this damage, as well as its loss of business income and rents, were covered losses under its insurance policy with State Farm. *See* Compl., at pp. 2-4. Plaintiff Sun States Management, Inc., was a named additional insured on the policy. *See id.* at p. 3. Plaintiffs contend that they made application for full

insurance benefits under the policy, but that State Farm has failed and refused to pay the full benefits due, contending that most of the damage was caused by storm surge. *See id.*, at p. 4. State Farm filed its Answer, Defenses & Affirmative Defenses on September 9, 2008 [8-1], and asserted as an affirmative defense that Plaintiffs failed to join all necessary parties pursuant to Federal Rules of Civil Procedure 17 and 19. *See* Answer, p. 1. State Farm subsequently filed the instant Motion to Dismiss [9-1], seeking dismissal of Plaintiffs' Complaint if the mortgagee, purportedly included as an additional insured to Plaintiffs' insurance policy, did not join or ratify the present action. *See* Mot. to Dismiss, at pp. 2-3.

## II. <u>DISCUSSION</u>

State Farm asserts that the absence of the mortgage lender, whom State Farm contends is an additional insured under the policy at issue, makes it impossible for this action to finally resolve all the issues related to its potential liability under the policy. State Farm reasons that the adjudication of the merits of the claims asserted by Plaintiffs would not necessarily resolve the potential claims of the mortgage lender.

Federal Rule of Civil Procedure 19(a) reads as follows:

(a) Persons Required to Be Joined if Feasible.
    (1)    Required Party.
          A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
          (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
          (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the

>             action in the person's absence may:
>             (i)   as a practical matter impair or impede the person's ability to protect the interest; or
>             (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>     (2)   Joinder by Court Order.
>           If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>     (3)   Venue.
>           If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Fed. R. Civ. P. 19(a).

The Court is mindful of the potential for the mortgage lenders in this and in similar cases to incur substantial expenses by participating as a party in the great number of insurance cases that have been filed in the wake of Hurricane Katrina. The Court is also mindful that the joinder of an additional party at this time may result in considerable delay in the event the current Scheduling Order must be amended to allow for meaningful participation by the mortgage lender.

The issue that State Farm raises can be resolved in one of three ways, and the Court is of the opinion that the mortgage lender should be afforded a choice in how to proceed.  Accordingly, the Court will require Plaintiffs to mail, by certified mail, return receipt requested, a copy of this Order to the mortgage lender who is shown as a loss payee or an additional insured on the State Farm policy at issue, and to file into the record in this case a certificate of mailing this document on or before November 5, 2008.  The Court will afford the mortgage lender three

alternatives:

>  1. The mortgage lender shall have the option of intervening in this action and participating as a party in alignment with Plaintiffs. In order to select this alternative, the mortgage lender shall file a Complaint for Intervention setting out a concise summary of its claim for relief and the facts that support its interest in the pending action. The Complaint in Intervention must be filed within thirty (30) days of service of this Order by Plaintiffs;
>
>  2. The mortgage lender shall have the option of approving and ratifying the actions of Plaintiffs in bringing and prosecuting this action and shall thereby agree to be bound by the ultimate decision in this action. In the event the mortgage lender chooses this option, the lender must do so by filing a written statement into the record in this case indicating its approval and ratification of the prosecution of this action by Plaintiffs. This approval and ratification must be filed within thirty (30) days of service of this Order by Plaintiffs; or
>
>  3. The mortgage lender may take no action. This will result in the mortgage lender being made a party Defendant under Federal Rule of Civil Procedure 19, subject to being realigned as a Plaintiff if the mortgage lender's interests are found to be substantially identical to the interests of Plaintiffs vis the insurance contract.

*See Eikel v. States Marine Lines, Inc.*, 473 F.2d 959 (5th Cir. 1973); *Necaise v. Oak Tree Savings Bank, SSB*, 645 So. 2d 1311 (Miss. 1994).

In all events, any judgment which may ultimately be rendered in this action will be payable in accordance with Mississippi law and the insurance contract, as the interests of those who are shown as insureds and loss payees in the insurance contract may appear.

### III. CONCLUSION

The Court has considered the arguments and evidence advanced in support of and in opposition to Defendant State Farm's Motion to Dismiss. Based upon the record, the parties' submissions, and the relevant legal authorities, Defendant State

Farm's Motion to Dismiss must be denied in part and granted in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Defendant State Farm Fire and Casualty Company's Motion to Dismiss [9-1] this action pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure of Plaintiffs to join a party under Federal Rule of Civil Procedure 19 should be and is hereby **DENIED IN PART** and **GRANTED IN PART**, that insofar as State Farm's Motion seeks dismissal of the Complaint, the Motion is **DENIED**, and that insofar as State Farm's Motion seeks the joinder of the mortgage lender or ratification by the mortgage lender of Plaintiffs' prosecution of this action, the motion is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiffs shall, by certified mail, return receipt requested, mail a copy of this Order to the mortgage lender who is shown as a loss payee or an additional insured on the State Farm policy at issue; that Plaintiffs shall file into the record in this case a certificate of mailing this document on or before November 5, 2008; and that the mortgage lender may exercise one of three options:

> 1.   The mortgage lender shall have the option of intervening in this action and participating as a party in alignment with Plaintiffs.  In order to select this alternative, the mortgage lender shall file a Complaint for Intervention setting out a concise summary of its claim for relief and the facts that support its interest in the pending action.  The Complaint in Intervention must be filed within thirty (30) days of service of this Order by Plaintiffs;
>
> 2.   The mortgage lender shall have the option of approving and ratifying the actions of Plaintiffs in bringing and prosecuting this action and shall thereby agree to be bound by the ultimate decision in this

action. In the event the mortgage lender chooses this option, the lender must do so by filing a written statement into the record in this case indicating its approval and ratification of the prosecution of this action by Plaintiffs. This approval and ratification must be filed within thirty (30) days of the date of service of this Order by Plaintiffs; or

3. The mortgage lender may take no action. This will result in the mortgage lender being made a party Defendant under Federal Rule of Civil Procedure 19, subject to being realigned as a Plaintiff if the mortgage lender's interests are found to be substantially identical to the interests of Plaintiffs vis the insurance contract.

In all events, any judgment which may be ultimately rendered in this action will be payable in accordance with Mississippi law and the insurance contract, as the interests of those who are shown as insureds and loss payees in the insurance contract may appear.

**SO ORDERED AND ADJUDGED**, this the 21st day of October, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE